UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESMATULLAH ZAMANI,

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

No.  2:26-cv-0205 DC AC

ORDER

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

Petitioner has also requested the appointment of counsel.  ECF No. 3.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  As set forth below, respondent is being ordered to respond to the petition.  Accordingly, the court therefore does not find that the interests of justice would be served by the appointment of counsel at the present time and the motion will be denied without prejudice to renewal at a later date.

1

Because petitioner may be entitled to the requested relief if the claimed violations are proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return.  See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Petitioner's motion to appoint counsel (ECF No. 3) is DENIED without prejudice.

3.  Respondent is directed to file an answer/return within 14 days from the date of this order.  Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

4.  Petitioner's reply/traverse, if any, is due within 7 days after being served a copy of respondent's answer/return.

5.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

6.  In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: January 28, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2